# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 18-10777

—————

United States Court of Appeals
Fifth Circuit

**FILED**
April 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HOMERO MARTINEZ,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-904

—————

Before SOUTHWICK, HAYNES, and HO, Circuit Judges.

PER CURIAM:[*]

Homero Martinez, federal prisoner # 45120-177, was convicted of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. The district court found that his 28 U.S.C. § 2255 motion was an unauthorized successive motion and dismissed it for lack of jurisdiction. Later, the district court denied his motion for a certificate of appealability (COA) as moot because it had already denied a COA.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10777

Martinez now seeks a COA. To obtain a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires him to show that reasonable jurists would find the district court's decision to deny relief debatable or wrong, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or "that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This court would lack jurisdiction over an appeal from the district court's dismissal of Martinez's § 2255 motion because he failed to file a timely notice of appeal from this judgment. Accordingly, Martinez fails to make the showing required for a COA to appeal from this judgment.

To the extent that Martinez also seeks to appeal from the denial of a COA, the denial of a COA is not, by itself, a final and appealable order within the meaning of § 2253(c)(1)(B) and 28 U.S.C. § 1291. Accordingly, the appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.